**AUTORIDAD DE LOS PUERTOS DE PUERTO RICO, Plaintiff**

v.

**Dr. Ramon NEVARES-FONT, Defendant.**

**Civil No. 06–2261(DRD).**

United States District Court, D. Puerto Rico.

July 15, 2008.

Edgardo L. Rivera–Rivera, Jorge A. Fernandez–Reboredo, Jose L. Lugo–Mercado, Rivera & Fernandez Reboredo PSC, San Juan, PR, for Plaintiff.

John F. Nevares, John F. Nevares & Assoc. PSC, San Juan, PR, for Defendant.

### ORDER AS TO REQUEST FOR ATTORNEYS FEES

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is Plaintiff's *Second Motion for Attorney's Fees* (Docket No. 12), which to this date is unopposed.

First, the Court finds that since the Defendant lacked an "objectively reasonable basis" for seeking removal, Plaintiff's request for costs and attorney's fees is proper and shall be granted. 28 U.S.C. § 1447(c).[1] Second, although the Court is

---

1. In the Court's Order (Docket No. 7) of September 27, 2007, it was determined that this Court has no jurisdiction over the state summary eviction claim (KPE06–4958(508)),

willing to grant attorneys fees pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure and Local Rule 54(a), the Court must first sculpt the requested fees according to the "lodestar method" as set forth in *Coutin v. Young & Rubicam Puerto Rico, Inc.,* 124 F.3d 331, 337 at FN. 3 (1st Cir.1997).[2]

 *Coutin* stands for the proposition that attorney fees shall be awarded according to the conventional approach provided by the lodestar methodology which attempts to provide a foundation based in the "numbers of hours reasonably expended on the litigation multiplied by a reasonable hourly rate as the starting point in constructing a fee award". *Coutin,* 124 F.3d at 337 *(citations omitted ).* The party seeking the attorney's fees should submit evidence supporting the hours worked and the rates claimed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). To calculate the rate to which attorneys are entitled, the Court must take into consideration **the prevailing rate in the community**[3] considering the experience, qualifications and competence of the attorneys involved. *See Gay Officers Action League v. Commonwealth of Puerto Rico,* 247 F.3d 288, 295 (1st Cir. 2001); *see also United States v. Metropolitan Dist. Com'n,* 847 F.2d 12, 19 (1st Cir.1988); *Lipsett v. Blanco,* 975 F.2d 934, 937 (1st Cir.1992). In setting the rates, the Court should turn "a realistic eye on the proffered pricing, endeavoring to fashion rates 'adequate to attract competent counsel but which do not produce windfalls to attorneys.' " *See Metropolitan Dist. Com'n,* 847 F.2d at 19 (1st Cir.1988)(*quoting Hensley,* 461 U.S. at 430 n. 4, 103 S.Ct. 1933.) Orthodox deviations from the lodestar are allowed but only in "highly unusual" situations. *See Metropolitan Dist. Comm'n,* 847 F.2d at 15–16. After initial calculations, the Court may retain jurisdiction to adjust its lodestar but, "it must do so in accordance with accepted principles". *See Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. However, "where a party's litigation strategy increases the cost of litigation, it is reasonable to award the total number of hours incurred". *See Lipsett,* 975 F.2d at 941. Finally, the award of attorneys fees is reviewable only for errors of law or abuse of discretion. *Lipsett,* 975 F.2d at 937 (*citing Furtado v. Bishop,* 635 F.2d 915, 920 (1st Cir.1980).)

 After reviewing the record, the Court finds that Plaintiff has filed the re-

---

since the same did not arise from a federal question nor was there diversity of citizenship between the parties.

**2.** The First Circuit has "embraced" the criteria *set forth in Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), to wit:

1) the time and labor required; 2)the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney(s) due to acceptance of the case; 5) the customary fee; 6)the nature of the fee (fixed or contingent); 7) the time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney(s); 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) the size of awards in similar cases. See *Coutin,* 124 F.3d at 337, FN. 3.

**3.** The Court prefers that the "prevailing rate in the community" be established by an expert on the field (a fellow practicing attorney in the community in Federal Court in Puerto Rico), who shall consider the claiming attorneys' years in practice and experience on the field of law pertaining to the instant case, in order to avoid potential arguments as to self serving statements.

quested additional supporting documents in compliance with the Court's Order (Docket No. 11). In addition to the previously filed memorandum of law as well as an itemized time sheet, Plaintiff has filed the sworn testimony of counsel Antonio M. Cuevas Delgado, an attorney licenced to practice locally, attesting to his billable rate in a similar case and providing an opinion on the billable rate of the attorneys who worked on this case. Counsel Cuevas Delgado has considered the instant case's attorneys' years in practice and experience in the field of law pertaining to the instant case, all in accordance with the "lodestar method" and the standards set forth in *Coutin v. Young and Rubicam Puerto Rico, Inc.*, 124 F.3d 331 (1st Cir. 1997).

Consequently, the Court finds that the 38.75 hours expended in the litigation of this case are reasonable, as well as the maximum hourly rate of $125.00, when considering counsels' years of practice and experience in the field of law pertaining to this case. Therefore the Court hereby **GRANTS** Plaintiff's *Second Motion for Attorney's Fees* (Docket No. 12) and awards Plaintiff costs and the attorney's fees in the amount of **$4531.25.**

**IT IS SO ORDERED.**